# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEM CITY FRESH-MEX, INC. d/b/a QDOBA, and GEM CITY CUSTARD, INC., d/b/a CULVERS,<br><br>On Behalf of Themselves and All Others Similarly Situated,<br>          Plaintiffs,<br>     v.<br><br>SOCIETY INSURANCE,<br><br>          Defendant. | Court No.: 3:20-CV-765 |

## DEFENDANT'S NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

NOW COMES Defendant, SOCIETY INSURANCE, by and through its attorneys Thomas B. Underwood and Michael D. Sanders, of Purcell & Wardrope, Chtd., and pursuant to 28 U.S.C. §1332, §1441, and §1446, hereby provide notice of removal of this cause of action to the United State District Court for the Southern District of Illinois, for the following reasons:

1.   Named plaintiffs Gem City Fresh-Mex, Inc. d/b/a Qdoba ("Qdoba") and Gem City Custard, Inc. d/b/a Culvers ("Culvers") (referred to collectively as "Plaintiffs"), commenced this putative class action complaint against Defendant Society Insurance in the Circuit Court of Madison County, Law Division, on May 1, 2020. (See Complaint at Law, Exhibit 1)

2.   This lawsuit stems from an insurance coverage dispute involving Plaintiffs' claims for loss off business income and extra expense as a result of Executive Orders issued by Illinois Governor J.B. Pritzker in response to the COVID-19 pandemic ("Closure Orders").

3.   Plaintiffs allege that they are Society Insurance policyholders who operate various Qdoba and Culver's franchise restaurants in central Illinois.

4. Plaintiffs allege that as a result of the Closure Orders, which required restaurants to cease allowing on-premises consumption of food, they have incurred substantial loss of business income and extra expense and that Society has wrongfully denied their claims for coverage under their respective policies of insurance with Society.

5. Plaintiffs have brought a declaratory judgment claim, requesting the Court declare Plaintiffs are entitled to coverage under the Society Policies for their claims. They have also alleged breach of contract and statutory bad faith claims against Society.

6. Society has not been served with summons or a copy of Plaintiffs' complaint. Counsel for Society received a copy of Plaintiffs' complaint informally and "unattended by any formal service." *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999).

7. Accordingly, Defendant's 30-day time period in which to file this notice of removal under 28 U.S.C. § 1446(b) has not been triggered, and this notice is timely. *Id*.

8. The lawsuit filed by Plaintiffs involves a controversy with complete diversity of citizenship between Defendant Society on the one hand, and Plaintiffs on the other.

9. At the time of Plaintiffs' alleged loss and at the time Plaintiffs' lawsuit was commenced on May 1, 2020, Plaintiff Gem City Fresh-Mex, Inc. d/b/a Qdoba was a corporation incorporated and existing under the laws of the State of Illinois, whose principal place of business was located in Quincy, Illinois. (Compl. at ¶¶ 8, 16; Office of the Illinois Secretary of State Corporation File Detail Report for Gem City Fresh-Mex, Inc. (attached as Exhibit 2); Declaration Pages of Gem City Fresh Mex, Inc. Policy (attached as Exhibit 3) at p. 1.)

10. At the time of Plaintiffs' alleged loss and at the time Plaintiffs' lawsuit was commenced on May 1, 2020, Plaintiff Gem City Custard, Inc. d/b/a Culver's was a corporation

incorporated and existing under the laws of the State of Illinois, whose principal place of business was located in Quincy, Illinois. (Compl. at ¶¶ 9, 16.; Office of the Illinois Secretary of State Corporation File Detail Report for Gem City Custard, Inc. (attached as Exhibit 4); Declaration Pages of Gem City Fresh Mex, Inc. Policy (attached as Exhibit 5) at p. 1.)

11.   Plaintiffs operate restaurants in Quincy, Illinois; Peoria, Illinois; East Peoria, Illinois; Moline, Illinois; and Springfield, Illinois, all of which are located within the federal judicial district of the Central District of Illinois. (Compl. at ¶¶ 8-9.)

12.   At the time of Plaintiffs' alleged loss and at the time Plaintiffs' lawsuit was commenced on May 1, 2020, Defendant Society Insurance was a mutual company organized and existing under the laws of the State of Wisconsin, with its principle place of business in Fon du Lac, Wisconsin.

13.   At the time of the filing of this lawsuit, there was, and continues to be, complete diversity of citizenship between all Plaintiffs and Defendant.

14.   The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Plaintiffs are claiming ongoing lost business income and extra expense since March 17, 2020 for six restaurants and have made a claim for statutory bad faith against Defendant. (Compl. at ¶¶ 6, 8-9, 90-93.)

15.   Therefore, the United States District Courts have original jurisdiction over this civil action, pursuant to 28 U.S.C. §1332(a).

16.   Additionally, while Defendant is not admitting the appropriateness of this lawsuit as a class action; the class, as defined by Plaintiffs' complaint, is defined as "All restaurants and bars domiciled, and conducting business, in the State of Illinois…" (*Id.* at ¶ 67.)

17. Venue is proper before this court pursuant to 28 U.S.C. §1441(a) and 1446(a), because the U.S. District Court for the Southern District of Illinois is the federal district embracing the Circuit Court of Madison County, Illinois, where the state court action was originally filed.

18. Although Society has not been served with any process or complaint, Defendant attaches to this Notice of Removal as Exhibit 6 a copy of the following documents pursuant to 28 U.S.C. §1446(a):

   a. Docket Sheet as of the date of filing this Notice;

   b. Class Action Complaint;

   c. Exhibit A to Complaint;

   d. Jury Demand of Plaintiff's Counsel;

   e. Affidavit of Damages;

   f. Appearance of Plaintiff's Counsel;

19. To Defendant's knowledge, no orders have been entered by the court in this matter Madison County.

20. Notice of the filing of this Notice of Removal has been given to all parties as required by law. A true and correct copy of this Notice of Removal will be filed with the Circuit Court of the Third Judicial Circuit for the County of Madison, Illinois.

**WHEREFORE,** Defendant SOCIETY INSURANCE, prays that this cause be removed from the Circuit Court of the Third Judicial Circuit for the County of Madison, Illinois to the United State District Court for the Southern District of Illinois.

          Respectfully submitted,

          Society Insurance

          By: /s/ Thomas B. Underwood
          Thomas B. Underwood
          Attorney for Defendant

**PURCELL & WARDROPE, CHTD**.
Thomas B. Underwood (#3122933)
Michael D. Sanders (#6230187)
PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
tbu@pw-law.com
msanders@pw-law.com